**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTWAN CUMMINGS,

     Petitioner,

v.                                                      Case No. 8:10-cv-2016-T-17MAP
                                                        Crim. Case No. 8:07-cr-391-T-17MAP

UNITED STATES,

     Respondent.

_____/

## O R D E R

     This cause is before the court upon Petitioner Antwan Cummings's

("Cummings") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C.

§ 2255.  (CV Dkt. 1; CR Dkt. 547), the United States's response (CV Dkt. 7), and

Cummings's reply (CV Dkt. 8).

### Procedural Background

     A one-count Indictment charged Cummings with conspiring to possess with

intent to distribute 1000 kilograms or more of a mixture or substance containing a

detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii),

and 846.  (CR Dkt. 1).  On February 11, 2008, Cummings pleaded guilty pursuant to a

written plea agreement. (CR Dkts. 166, 174).  On August 15, 2008, Cummings was

sentenced to ninety-two months imprisonment.  (CR Dkts. 329, 343, 487, 490).

Cummings appealed.  (CR Dkt. 494).  On February 22, 2010, the United States Court of

Appeals for the Eleventh Circuit granted (CR Dkt. 517) the United States's motion to

dismiss the appeal based on the appeal waiver in Cummings's plea agreement.

Cummings did not seek certiorari review in the United States Supreme Court.

Cummings signed his Section 2255 motion on September 7, 2010. The

Respondent makes no challenge to the timeliness of the motion.

## Discussion

In his sole ground for relief Cummings alleges that his trial counsel rendered

ineffective assistance during plea negotiations by "fail[ing] to fulfill [a] promise . . . that

[Cummings] would only be scored for one of his two prior felony convictions if he

[accepted] the Government's plea offer." (CV Dkt. 1, p. 4). Cummings further claims

that he pleaded guilty based solely upon counsel's alleged promise that counsel would

"negotiate Amendment 709[1] into the plea agreement." (CV Dkt. 1, p. 4).

The appeal waiver in Cummings's plea agreement bars his claim.[2] *Williams v.*

*United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). Cummings averred at the change

---

[1] Amendment 709 to the United States Sentencing Guidelines addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S.S.G. Manual, App. C, Amend. 709 (2007).

[2] The appeal waiver in Cummings's plea agreement states in relevant part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable sentencing guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

(CR Dkt. 166, pp. 11-12). The Eleventh Circuit expressly upheld on direct appeal the validity of the waiver (CR Dkt. 517).

of plea hearing that he understood the consequences of the appeal waiver[3] and does

---

[3] Specifically, the magistrate judge inquired:

Court:        I'm going to be asking you a series of questions, Mr. Cummings. Once you
              have pled guilty in this case it will be the Government's position that you
              cannot later by filing a separate action, a so-called collateral action, or by
              filing an appeal directly to the Eleventh Circuit, or any other court, challenge
              the way your lawyer has handled your case. There is a provision in this plea
              agreement saying you're giving up your right to file any such challenge,
              including for sentencing purposes, even though sentencing hasn't even
              occurred yet; do you understand that?

[Cummings]:   Yes, ma'am.

Court:        Did anyone threaten you to get you to waive that right?

[Cummings]:   No, ma'am.

Court:        Did anyone promise you anything in exchange for that waiver other than
              what is in this plea agreement?

[Cummings]:   No, ma'am.

. . . .

Court:        If you look over on page 11 [of the plea agreement] you will see there is a
              provision called the Appeal of Sentence Waiver. It's the one that I
              mentioned a few moments ago. In a typical case, Mr. Cummings, when a
              defendant is charged and convicted after a jury trial or when a defendant
              enters a plea without a plea agreement, a so-called straight-up plea, that
              defendant has the ability to appeal or challenge his or her sentence or their
              conviction. Based upon this provision of this plea agreement you're giving
              up that substantial right. You will not be able to file any sort of collateral
              challenge by filing a separate lawsuit and you cannot file any sort of direct
              appeal challenging the manner in which this case was managed either by
              your lawyer or [the] prosecution or the courts to any other court. Do you
              understand that?

[Cummings]:   Yes, ma'am.

Court:        Essentially, you are left with the decision that the District Judge makes in
              this case concerning your conviction and your sentence except for the
              limited reasons that are permitted in the plea agreement. The only time you
              can challenge your appeal [sic], either directly or on appeal, is if the
              sentence exceeds the applicable guideline range that's determined by the
              Court using the sentencing guidelines, if the sentence violates the Eighth
              Amendment to the United States Constitution which protects against cruel
              and unusual punishment, or if the Government for some reason were to
              appeal your sentence. Those are the only circumstances in which you could
              file an appeal or challenge.

(continued...)

not argue that any of the exceptions specified in the appeal waiver apply to permit

collateral review of his claim. Notwithstanding the waiver and to the extent that

Cummings's claim, liberally construed, can be said to bear upon the validity of his plea,

the sentence appeal waiver does not bar federal review. *Patel v. United States*, 252

Fed.Appx. 970, 974-75 (11th Cir. 2007).

## Standard of Review

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective

assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a
> two-part test for analyzing ineffective assistance of counsel claims.
> According to *Strickland*, first, the defendant must show that counsel's
> performance was deficient. This requires showing that counsel made
> errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment. Second, the

---

³(...continued)

> If you attempt to file such an appeal or challenge in any other circumstance it is very
> likely that the appeals court or the collateral court will not even look at your challenge
> because you have given up your right to file such a challenge. Do you understand
> that?

[Cummings]:    Yes, ma'am.

Court:         Sir, has anyone threatened you to get you to waive your right to appeal?

[Cummings]:    No, ma'am.

Court:         Or collaterally challenge your sentence?

[Cummings]:    No, ma'am.

Court:         Has anyone made any promise that you're relying upon to plead guilty in this
               case other than what's in this plea agreement?

[Cummings]:    No, ma'am.

(CR Dkt. 505, pp. 6-7, 16-18).

4

> defendant must show that the deficient performance prejudiced the
> defense. This requires showing that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose result is reliable.
> *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

    *Strickland* requires proof of both deficient performance and consequent

prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court

deciding an ineffective assistance claim . . . to address both components of the inquiry

if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d

at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on

either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A] court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

on the facts of the particular case, viewed as of the time of counsel's conduct."

*Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

    Because "[a]n error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment," Cummings must demonstrate that counsel's error prejudiced the

defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden,

Cummings must show a reasonable probability that, but for counsel's unprofessional

errors, he would not have pleaded guilty and would have insisted on proceeding to trial.

*Hill v. Lockhart*, 474 U.S. 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland v. Washington*, 466 U.S. at 690-91. Cummings cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

Cummings challenges the validity of the appeal waiver under the guise of an ineffective assistance of counsel claim. He contends that trial counsel provided erroneous advice about the calculation of his sentence and failed during plea negotiations to ensure application of Amendment 709. (CV Dkt. 1, p. 4). Cummings

6

argues that counsel's misadvice resulted in his entering an unknowing and involuntary plea.

"For a guilty plea to be entered knowingly and intelligently, 'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternatives that are available.'" *Finch v. Vaughan*, 67 F.3d 909, 914 (11th Cir. 1995) (*quoting Stano v. Dugger*, 921 F.2d 1125, 1142 (11th Cir. 1991)). *See also United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) ("A court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea."). "[T]he representations of the defendant [at a Rule 11 plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Such representations are presumptively trustworthy and considered conclusive absent compelling evidence to the contrary.

Aside from his own self-serving allegation, Cummings produces no evidence to substantiate his claim that he involuntarily entered his guilty plea. Cummings signed the written plea agreement in which he admitted that he entered his plea freely and

7

voluntarily without threat or coercion.[4] During the plea colloquy the magistrate judge advised Cummings of the nature and elements of the charged offense, the factual basis for the plea, the terms of the plea agreement, the rights he forfeited by pleading guilty, and the possible sentence he faced. (CR Dkt. 166, pp. 2-35). Cummings averred under oath that he understood each of these provisions and averred both that he was satisfied with counsel's representation and that no threats or promises were made to him to induce his plea.[5] Cummings admitted that he was, in fact, guilty of the charged

_____

[4] The plea agreement states:

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel(if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

(CR Dkt. 166, pp. 12-13).

[5] During the plea colloquy Cummings specifically averred:

| Court: | Now, [counsel] represents you in this case. Are you satisfied with the representation he has provided? |
|---|---|
| [Cummings]: | Yes, ma'am. |
| Court: | Have you asked him to do anything for you that he has failed to do? |

(continued...)

⁵(...continued)

[Cummings]:    No, ma'am.

Court:    Have you asked him to do anything for you that you feel was done in an unsatisfactory manner?

. . . .

[Cummings]:    No, ma'am.

Court:    Do you have any problems, issues, or concerns at all about your legal representation?

[Cummings]:    No, ma'am.

. . . .

Court:    Now, I have the plea agreement in front of me.  If you look on the last page of it you'll see your signature above your type-written name, did you place your signature on that space?

[Cummings]:    Yes, ma'am.

Court:    Did you do so voluntarily?

[Cummings]:    Yes, ma'am.

Court:    Did anyone threaten you to get you to sign this document?

[Cummings]:    No, ma'am.

Court:    Did anyone promise you anything in exchange for your signature other than what's contained in the document?

[Cummings]:    No, ma'am.

. . . .

Court:    Did you discuss the sentencing guidelines with your lawyer before you signed this document?

[Cummings]:    Yes, ma'am.

Court:    Do you feel you understand how those guidelines may apply in your case?

[Cummings]:    Yes, ma'am.

. . . .

(continued...)

offense and that it was his decision to enter his plea. Although afforded the opportunity, Cummings during neither the plea colloquy nor the sentencing hearing alerted the court to any error in the calculation of his criminal history points nor alleged any failure by counsel to fulfill a "promise" about the application of Amendment 709. Cummings's sworn statements at the plea colloquy and the sentencing hearing, as well as his signature on the plea form demonstrate the knowing and voluntary nature of his plea. Cummings presents no evidence establishing either that he did not want to proceed with his plea or that he wanted to withdraw his plea before sentencing. The unsubstantiated allegations in this motion to vacate fail to overcome the strong presumption of verity afforded Cummings's sworn statements made during the plea colloquy. *Blackledge v. Allison*, 431 U.S. at 73-74. Cummings fails to establish that he entered his plea involuntarily.

Cummings likewise presents no evidence substantiating his claim that counsel made any promise about the application of Amendment 709. The Presentence

---

⁵(...continued)

Court:     Sometimes when you are negotiating with the Government or consulting with your lawyer people may attempt to predict for you what they think the likely outcome of your case will be, either based upon what they think your sentencing guidelines range will be given your criminal history points or based upon what they think they know about a judge's sentencing practices in cases similar to yours, or based upon any number of factors. But keep in mind that no one, not your lawyer, not the Government, not myself can predict what your sentence is going to be. The District Judge has the sole authority to set sentence and if you disagree with that sentence you will not be allowed to withdraw your plea and you will have a very limited ability to challenge the sentence. Do you understand that?

[Cummings]:   Yes, ma'am.

(CR Dkt. 505, pp. 6, 7-9, 18-19). Upon completion of the plea colloquy the magistrate judge determined that Cummings entered his plea freely and voluntarily (CR Dkt. 170, pp. 26-27).

10

Investigation Report clearly shows that the November 2007 sentencing guidelines and attendant amendments were applied in calculating Cummings's guidelines range.[6] Cummings fails to demonstrate any error in the calculation of that range. Beyond his bare allegation, Cummings neither provides an explanation of how counsel's alleged error affected the outcome of the plea process nor establishes that absent counsel's allegedly erroneous advice he would have foregone a plea and proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Consequently, Cummings cannot obtain relief on this claim of ineffective assistance of counsel because the requirements of *Strickland* remain unsatisfied. *See Strickland v. Washington*, 466 U.S. at 691-92.

Accordingly, the Court orders:

That Cummings's Section 2255 motion is DENIED, with prejudice. The Clerk is directed to enter judgment against Cummings and to close this case.

---

[6] The Presentence Investigation Report specifically states:

8. This offense was continued until in or about 2007, and the guidelines in effect at the time of sentencing (the November 2007 edition) were applied to the facts of this case.

. . . .

46. The probation office has used the guidelines manual effective November 1, 2007, in determining the applicable guideline range.

(PSR ¶¶ 8, 46).

11

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Cummings is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Cummings "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Cummings has not made the requisite showing in these circumstances.

Finally, because Cummings is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on _APRIL 20th_, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

12